[721 NYS2d 675]

In the Matter of BRUCE A. HOYT, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 12, 2001

**APPEARANCES OF COUNSEL**

*Grace D. Moran,* Syosset (*Edward A. Tini* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee served the respondent with a petition dated February 8, 2000, containing one charge of professional misconduct. After a hearing on April 19, 2000, Special Referee Mulholland sustained the charge. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline as the Court deems just and proper. The respondent has neither cross-moved nor submitted any papers in response to the Grievance Committee's motion.

Charge One alleges that the respondent failed to cooperate with the Grievance Committee in its investigation into a complaint filed against him by Elvira G. Sweeney, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (8) (now [7]) (22 NYCRR 1200.3 [a] [5], [7]).

On or about March 5, 1999, the Grievance Committee mailed the respondent a copy of the complaint and requested his response within 15 days. No response was received.

By certified letter dated April 26, 1999, the Grievance Committee requested the respondent's response within 10 days and advised him that his failure to cooperate with the investigation could constitute professional misconduct. Although that letter was delivered to the respondent's office on or about April 27, 1999, no response was received.

By letter dated May 26, 1999, the Grievance Committee demanded a response within five days and warned the respondent that the Grievance Committee would be required to move to suspend him if he failed to cooperate. Although the respondent telephoned Grievance Counsel and indicated that his response would be hand delivered by June 16, 1999, he still failed to comply.

Grievance Counsel then left four telephone messages for the respondent during August 1999. The respondent failed to comply.

By certified letter dated September 9, 1999, the Grievance Committee demanded the respondent's answer within five days, and warned that this was his last opportunity to fulfill his obligations to the profession and the public, as well as to serve his own best interests. The respondent failed to comply.

The respondent's failure to respond to the legitimate inquiries of the Grievance Committee resulted in this Court's order of December 14, 1999.

Based on the respondent's admissions at the hearing and in an affirmation dated October 20, 1999, the Special Referee

properly sustained the charge. The Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we have considered the respondent's *pro bono* services, his voluntary decision to close his practice, his emotional difficulties and consequent inability to deal with certain matters, and his candor during these proceedings. The respondent has also brought to the Court's attention a Letter of Admonition issued to him on May 24, 1996, for neglecting a client's legal matter, failing to respond to the Grievance Committee's investigation, and failing to return client inquiries. In that Letter of Admonition, the Grievance Committee specifically noted that the respondent devoted his attention to completing the matter after receiving the complaint.

Under the totality of circumstances, the respondent is censured for his professional misconduct.

BRACKEN, ACTING P. J., O'BRIEN, RITTER, SANTUCCI and FRIEDMANN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Bruce A. Hoyt, is censured for his professional misconduct.